[Cite as *State v. Goode*, 2013-Ohio-2119.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

     Plaintiff-Appellee                    :            C.A. CASE NO.    25340

v.                                              :            T.C. NO.    12CR157

SAMUEL E. GOODE                                 :            (Criminal appeal from
                                                             Common Pleas Court)

     Defendant-Appellant                   :

                                                :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the    24th    day of      May      , 2013.

· · · · · · · · · ·

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 W. Second Street, Suite 400, Dayton,
Ohio 45402
     Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

    **{¶ 1}**  This matter is before the court on the Notice of Appeal of Samuel E. Goode,

filed August 24, 2012. Mr. Goode was originally charged by indictment with one count of having a weapon while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3), and one count of improper handling of a firearm in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B). Mr. Goode filed a motion to suppress on April 2, 2012, and an evidentiary hearing was set for June 29, 2012. Prior to the hearing, the parties informed the trial court that they wished to enter into a plea agreement. Pursuant to that agreement, Mr. Goode plead guilty to one count of having a weapon while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3). In exchange for the guilty plea, the State agreed to dismiss count two of the indictment for improper handling of a firearm in a motor vehicle. The trial court sentenced Mr. Goode to community controlled sanctions for a period not to exceed five years.

{¶ 2} On January 29, 2013, appointed counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. By magistrate's order of February 1, 2013, we informed Mr. Goode that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. We invited Mr. Goode to file a pro se brief assigning any error for our review within sixty days of February 1, 2013. Mr. Goode has yet to file anything with this court.

{¶ 3} Although appointed counsel raised no meritorious claims on behalf of Mr. Goode, he identified two potential assignments of error: 1) the trial court erred by accepting an involuntary plea of guilty; and 2) the trial court erred in amending the indictment. Upon review, we agree with counsel that the potential assignments of error have no arguable merit.

{¶ 4} Although counsel for Mr. Goode commented on the record that the plea offer took Mr. Goode by surprise and that she thought Mr. Goode was at first reluctant to accept the plea deal (see Tr., p. 4), the court took considerable time and effort to ensure that Mr. Goode was fully aware of the plea offer and its consequence, as well as the alternative available to him to stand on his not guilty plea and proceed to trial on both counts. *Id.* The trial court conducted a thorough and complete Crim. R. 11 dialogue with Mr. Goode, and his plea was ultimately entered in a knowing and voluntary fashion free of any hesitation or objection.

{¶ 5} The second potential assignment of error stems from the trial court amending the indictment during the course of the plea hearing. The plea transcript reflects the prosecutor's reading of the indictment and Mr. Goode's acknowledgment and understanding of the charges against him. During the initial reading of the indictment, the prosecuting attorney expressed concern as to the inclusion of certain language in count one of the indictment, whereupon three lines of the indictment were stricken by oral amendment with the consent of the court and without objection from defense counsel. Count one is a violation of R.C. 2923.13(A)(3), which states in relevant part, "(A) Unless relieved from disability * * * no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply: * * * (3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, or trafficking in any drug of abuse * * * ". The deleted language read, "That within five years of the date the said Defendant was released from imprisonment or from post release control imposed for a previous conviction in the State of Georgia for a felony drug abuse offense of the first or second degree." Tr., p. 18. After this deletion, count one

in the indictment reads:

> The GRAND JURORS of the County of Montgomery, in the name, and by the authority of the State of Ohio, upon their oaths do find and present that: SAMUEL E. GOODE, *on or about* DECEMBER 11, 2011 *in the County of Montgomery, aforesaid, and State of Ohio,* did knowingly acquire, have, carry or use any firearm, to-wit: HANDGUN, said defendant having been previously convicted in the State of Georgia of any offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse, to-wit: SIMPLE POSSESSION (COCAINE), on FEBRUARY 8, 1993, in the case of State of Georgia versus SAMUEL E. GOODE, being Case Number Z 49524, in the FULTON COUNTY, GEORGIA SUPERIOR COURT; contrary to the form of the statute (in violation of Section 2923.13(A)(3) and (B) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio.

{¶ 6} Crim. R. 7 allows the court to amend the indictment with respect to any defect or imperfection, provided there is no change in the identity or name of the crime charged. Here, the court granted a motion to remove the aforementioned superfluous language from the indictment, which made no change to the name or identity of the crime charged.

{¶ 7} In the performance of our duty, under *Anders v. California*, to conduct an independent review of the record, we have found no potential assignments of error having arguable merit. We therefore conclude that this appeal is wholly frivolous and the judgment

of the trial court is Affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
Lucas W. Wilder
Samuel E. Goode
Hon. Frances E. McGee